**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2912
_____

FREDERICK CULLEN,
Appellant

v.

SELECT MEDICAL CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-17-cv-03479)
District Judge: Hon. Gene E. K. Pratter
_____

Argued: July 2, 2019
_____

Before: McKEE, PORTER, and RENDELL, *Circuit Judges*.

(Filed: August 22, 2019)

Caren N. Gurmankin
Laura C. Mattiacci **[Argued]**
Console Mattiacci Law
1525 Locust Street
9th Floor
Philadelphia, PA 19102

      *Counsel for Appellant*

George H. Knoell, III **[Argued]**
Thomas J. Zimmerman
Kane Pugh Knoell Troy & Kramer
510 Swede Street
Norristown, PA 19401

      *Counsel for Appellee*

_____

OPINION[*]
_____

PORTER, *Circuit Judge*.

Frederick Cullen was fired by his employer, Select Medical Corporation, in early 2016. Cullen sued Select Medical, alleging that his firing was in retaliation for an extended medical leave that he took starting in December 2015. Although the evidence shows that Select Medical considered firing Cullen before it (or even Cullen) knew that he had any medical issues, its explanation for his firing shifted over time. Thus, Select Medical's explanation may have been pretextual and a jury should have been permitted to

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

consider whether Cullen's firing was retaliatory. So we will reverse the District Court's grant of summary judgment for Select Medical.

I

Cullen started working for Select Medical's predecessor company in 1997. As a member of Select Medical's real-estate group, he helped secure leases and manage construction for the outpatient division. He received generally good performance reviews and was never formally disciplined. In early 2015, Select Medical's management was considering acquiring Physiotherapy Associates, a rehabilitation company with similar operations and personnel.

In an internal memo written in July 2015, Randall Watts—Cullen's supervisor— outlined his thoughts on restructuring the real-estate division. Watts evaluated each employee in his group, including Cullen. Watts discussed Cullen's strengths but also noted some weaknesses. In the short term, Watts recommended elevating another employee to director. The longer term presented a "more difficult decision," but Watts suggested ultimately replacing Cullen.

Months after Watts drafted this memo, Cullen started experiencing health problems. By December, they became serious enough to require heart surgery. Cullen took leave from work while he recovered, returning in March 2016. Cullen eased back into work while he convalesced, leaving early three days a week to attend rehabilitation.

Around the time of Cullen's return, Select Medical's acquisition of Physiotherapy Associates was finalized. Three weeks later, Cullen was fired. After his termination, Cul-

len sued Select Medical, claiming that he was fired because of his health issue. The parties engaged in extensive discovery, and Cullen deposed several Select Medical employees about the circumstances surrounding his termination. After discovery was complete, Select Medical moved for summary judgment, which the District Court granted. Cullen now appeals that order.

## II

"We exercise plenary review of the District Court's orders granting summary judgment." *Sikkelee v. Precision Airmotive Corp.*, 907 F.3d 701, 708 (3d Cir. 2018) (citation omitted). "We apply the same standard as the District Court, viewing facts and drawing all reasonable inferences in the nonmovant's favor." *Id*. (citation omitted). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

Cullen brings claims under the Americans with Disabilities Act and Family Medical Leave Act, and we analyze these claims under the familiar burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] This framework

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] Cullen also brought a claim under the Pennsylvania Human Relations Act, which courts evaluate under the same legal standard as the Americans with Disabilities Act. *Kelly v. Drexel Univ*., 94 F.3d 102, 105 (3d Cir. 1996). Cullen agreed that his state-law claim could succeed only if his federal-law claim succeeded, so the District Court did not independently analyze it.

presents a three-step process.

To start, a plaintiff must make a prima facie case. If the plaintiff makes this showing, "the burden shifts to the employer to provide a legitimate non-retaliatory reason for its conduct." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017). If the employer provides such a reason, then "the burden shifts back to the plaintiff 'to convince the factfinder both that the employer's proffered explanation was false [that is, a pretext] and that retaliation was the real reason for the adverse employment action.'" *Id.* (alteration in original) (quoting *Moore v. City of Phila*, 461 F.3d 331, 342 (3d Cir. 2006)). To prove pretext on this last step, the plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

III

Cullen makes a number of arguments for why the District Court wrongly granted summary judgment. Most persuasively, he argues that the District Court should have considered a host of inconsistencies in Select Medical's explanation for Cullen's firing—such as why the decision was made and who made it—that should have precluded summary judgment. We highlight the most relevant of those inconsistencies here.

First, Select Medical offered inconsistent explanations of why it fired Cullen. For instance, in its interrogatory responses, Select Medical said his performance was a factor.

5

Yet Watts and another Select Medical executive, Michael Malatesta, testified that it was not.

Second, Select Medical offered inconsistent explanations of who made the decision to fire Cullen. In its interrogatory responses, Select Medical explained that Watts and Malatesta decided to fire Cullen, and that Daniel Bradley (another executive) and John Saich (the head of human resources) signed off on the decision. But during their depositions, everyone but Watts denied making the termination decision. And for his part, Watts testified that he was the sole decisionmaker. So the record evidence shows that Select Medical provided different explanations of how many employees were involved in the decision to fire Cullen.

Third, Select Medical also offered inconsistent explanations of when the decision to fire Cullen was made. It its brief, Select Medical urges that "the decision to terminate Mr. Cullen and eliminate his position clearly pre-dated Mr. Cullen's use of medical leave." Select Medical Br. 25. But Watts and Malatesta both testified that the decision was made in April 2016, after Cullen returned from medical leave. How the jury weighs these competing explanations is important, as the timing of events "can be probative of causation." *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003).

"Our precedent requires more than a mere possibility that a trier of fact might disbelieve an employer's explanation for its employment decision; it requires that the plaintiff offer *some evidence* that would support the trier of fact's disbelief." *Latessa v. New Jersey Racing Comm'n*, 113 F.3d 1313, 1326 (3d Cir. 1997). Here, Cullen has offered

6

that evidence. And that evidence shows the sort of "weaknesses, implausibilities, incon-sistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of cre-dence.'" *Fuentes*, 32 F.3d at 765 (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531 (3d Cir. 1992)).

\* \* \* \* \*

Select Medical's explanations for Cullen's firing were varied enough to undermine its legitimate, non-discriminatory reason for his termination. So we will reverse the Dis-trict Court's summary judgment grant in favor of Select Medical and remand for further proceedings consistent with this opinion.